**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4593

MARVIN SINGLETON, a/k/a Fresh One,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Solomon Blatt, Jr., Senior District Judge.
(CR-95-332)

Submitted: January 13, 1998

Decided: March 17, 1998

Before WIDENER and LUTTIG, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Capers G. Barr, III, Charleston, South Carolina, for Appellant. Cameron Glenn Chandler, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Marvin Singleton appeals from his sentence for conspiracy to possess crack cocaine with intent to distribute, in violation of 21 U.S.C.A. § 846 (West Supp. 1997). Singleton's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing the disparity between Singleton's sentence and those of his co-defendants. Singleton filed a supplemental brief, contending that he was attributed with an erroneous quantity of drugs and that he was incorrectly sentenced under the crack cocaine guidelines when the drug actually involved in his crime was another form of cocaine base. We affirm.

First, Singleton contends that his sentence was improper because it was longer than his co-defendants' sentences. However, the district court may fix the sentence at any point it finds appropriate within the guideline range, see United States v. Roberts , 881 F.2d 95, 106-07 (4th Cir. 1989), and its decision is not appealable as long as the guideline range is correctly calculated. See United States v. Porter, 909 F.2d 789, 794-95 (4th Cir. 1990). Here, Singleton was actually sentenced below the guideline range, because the trial court extended credit for state time served. Because Singleton was not sentenced above the applicable guideline range, his claim of sentencing disparity is not reviewable.

Next, Singleton asserts that the district court incorrectly attributed him with 38 grams of crack cocaine for sentencing purposes. He argues that the probation officer double-counted seven of those grams in the presentence report and that, therefore, the proper amount should be 31 grams. However, Singleton did not object to the presentence report, and during his Fed. R. Crim. P. 11 hearing, he acknowledged that 38 grams was the correct amount. We find that under such circumstances the district court did not plainly err in attributing 38 grams of crack cocaine to Singleton. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993) (Government may prove drug amount, inter alia, by defendant's admissions at Rule 11 hearing or by uncontested findings in the presentence report); see also United States v. Olano, 507 U.S. 725, 734 (1993) (claim raised for the first

2

time on appeal cannot justify reversal unless the error is "clear under current law").

Finally, Singleton argues that he was incorrectly sentenced under the crack cocaine guidelines because the Government failed to prove that he possessed crack cocaine, as opposed to another form of cocaine base. He contends that he should be resentenced under the powder cocaine guidelines, because he pled guilty to a "cocaine base" conspiracy and the Government failed to prove that the specific type of "cocaine base" at issue was indeed "crack." U.S. Sentencing Guidelines Manual § 2D1.1(c), note (D) (Nov. 1995) (specifically noting that "crack" is but one form of "cocaine base"). Because Singleton did not object below, we review for plain error.

Singleton pled guilty to count one of the indictment, charging him with conspiring to possess with intent to distribute marijuana, cocaine, and "cocaine base (commonly called `crack' cocaine)." Further, Singleton did not object to the presentence report that calculated his sentence based on crack cocaine. Finally, Singleton's Rule 11 hearing and presentence report were replete with references to crack cocaine. Absent any evidence to the contrary, we find that the district court did not commit plain error by sentencing Singleton under the crack cocaine guidelines.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. We therefore affirm Singleton's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3